Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHIVE MEDIA GROUP, LLC, a Texas Limited Liability Company; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR**: <br><br> 1. COPYRIGHT INFRINGEMENT <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> 3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202) <br><br> JURY TRIAL DEMANDED |

Plaintiff, Elliot McGucken ("McGucken") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. McGucken is an individual residing in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant CHIVE MEDIA GROUP, LLC ("CHIVE") is a Texas limited liability company with its principal place of business located at 98 San Jacinto Blvd., Suite 160, Austin, Texas 78701, and is doing business in and with the State of California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

1  at all times acting within the scope of such agency, affiliation, alter-ego relationship
2  and/or employment; and actively participated in or subsequently ratified and adopted,
3  or both, each and all of the acts or conduct alleged, with full knowledge of all the
4  facts and circumstances, including, but not limited to, full knowledge of each and
5  every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
6  thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPHS

8.  McGucken created and owns numerous original photographs ("Subject Photographs") that were published before the infringement at issue.

9.  Plaintiff has registered or applied to register the Subject Photographs and has complied with all necessary formalities.

10.  Plaintiff's investigation revealed that CHIVE published and hosted posts on its website(s) and networks that incorporated unauthorized copies of the Subject Photographs (the "Subject Posts").

11.  True and correct representations of the Subject Photographs and the corresponding unauthorized uses of said photographs from the Subject Posts and/or the URLs for the Subject Posts, are attached hereto as **Exhibit A**. These examples reflect a non-exhaustive series of uses and addresses at which CHIVE published the various Subject Photographs without authorization.

12.  Plaintiff is informed and believes and thereon alleges that copied images of the Subject Photographs in the Subject Posts were altered to remove Plaintiff's copyright management information.

13.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Photograph without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photographs on Plaintiff's website, (b) viewing Subject Photographs online, and (c) viewing Subject Photographs through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photographs, and exploited said photography online and in productions.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photographs and by publishing and displaying the infringing material to the public, including without limitation, through its website or elsewhere.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

22. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that CHIVE knew, or should have known, were not authorized to be published by CHIVE.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posts that incorporated the unauthorized copies of the Subject Photographs, and were able to supervise the publication of said posts.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs, in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

28. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by providing false copyright management information in connection with the works at issue, and distributing and displaying the works at issue with false copyright management information.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further violated 17 U.S.C. §1202 intentionally removing and/or altering the copyright management information, in the form of metadata and text, on or around the Subject Photographs, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

31. On information and belief Plaintiff alleges that CHIVE and/or its agents, members, and moderators removed Plaintiff's name, logo, authorship information and other indicia of ownership from the Subject Photographs before publishing said photographs on its series of websites and otherwise displaying and distributing said photographs to the public.

32. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

7
COMPLAINT

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e. That Plaintiff be awarded their costs and fees under the above statutes;

f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                          Respectfully submitted,

Dated: February 27, 2018         By: */s/ Scott Alan Burroughs*
                                               Scott Alan Burroughs, Esq.
                                               Trevor W. Barrett, Esq.
                                               Justin M. Gomes, Esq.
                                               DONIGER / BURROUGHS
                                               Attorneys for Plaintiffs