O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHIVE MEDIA GROUP, LLC, a Texas Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CV 18-01612-RSWL-KS<br><br>**ORDER re: Defendant's Motion to Dismiss** [10] |

　　Currently before the Court is Defendant Chive Media Group, LLC's ("Defendant") Motion to Dismiss Plaintiff Elliot McGucken's ("Plaintiff") Complaint ("Motion") [10]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in part** and **DENIES in part** Defendant's Motion **WITH LEAVE TO AMEND.**

///

**I. BACKGROUND**

**A. Factual Background**

Plaintiff is an individual who allegedly created and owns numerous original photographs (the "Subject Photographs"). Compl. ¶ 8, ECF No. 1. Defendant is a Texas limited liability company with its principal place of business in California. Id. ¶ 5. Plaintiff has allegedly registered or applied to register the Subject Photographs with the U.S. Copyright Office and complied with all necessary formalities of registration. Id. ¶ 9. Defendant published and hosted posts (the "Subject Posts") on its websites and networks that incorporated unauthorized copies of the Subject Photographs.[1] Id. ¶ 10.

Plaintiff alleges that Defendant had access to the Subject Photographs through viewing the Subject Photographs on Plaintiff's website, viewing the Subject Photographs online generally, and through a third party. Id. ¶ 15. Plaintiff alleges Defendant infringed upon Plaintiff's copyrights by publishing the Subject Photographs on its websites or elsewhere. Id. ¶¶ 16-18, 21. Plaintiff also alleges Defendant removed Plaintiff's name, logo, authorship information, and other indicia of ownership from the Subject Photographs before publishing the Subject Posts. Id. ¶ 31.

---

[1] Plaintiff attached representations of the Subject Photographs and the corresponding unauthorized use of those photographs from the Subject Posts. Compl. ¶ 11, Ex. A, ECF No. 1-1.

2

B. **Procedural Background**

Plaintiff filed his Complaint [1] on February 27, 2018. On May 8, 2018, Defendant filed the instant Motion [10]. Plaintiff filed his Opposition [11] to Defendant's Motion on May 22, 2018. Defendant then filed its Reply [12] on May 29, 2018.

## II. DISCUSSION

A. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B. Discussion**

Defendant seeks dismissal of the three causes of action Plaintiff alleges against it in his Complaint: (1) copyright infringement, (2) vicarious and/or contributory copyright infringement, and (3) violation of the Digital Millennium Copyright Act (the "DMCA").

1. Copyright Infringement

To proceed with a copyright infringement claim, Plaintiff must allege (1) "ownership of a valid copyright" and (2) "copying of constituent elements of the work that are original." Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 876 (9th Cir. 2005).

a. *Ownership*

Defendant takes issue with Plaintiff's allegation regarding copyright ownership because Plaintiff does not specifically identify which of the Subject Photographs have in fact been registered with the

Copyright Office. Courts have been unwilling to require that plaintiffs produce the copyright registrations at issue or face dismissal under Rule 12(b)(6). See Imageline, Inc. v. CafePress.com, Inc., No. CV 10-9794 PSG (MANx), 2011 U.S. Dist. LEXIS 39828, at *8 (C.D. Cal. Apr. 6, 2011). Further, "complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001); see Imageline, 2011 U.S. Dist. LEXIS 39828, at *8 n.2. Plaintiff alleges that he has registered or applied to register the Subject Photographs, Compl. ¶ 9, which is sufficient to survive Defendant's Motion. See Microsoft Corp. v. My Choice Software, LLC, No. SA CV 16-2187-DOC (KESx), 2017 U.S. Dist. LEXIS 217811, at *8 (C.D. Cal. Oct. 10, 2017) (denying motion to dismiss when the plaintiff alleged "registration in compliance with the applicable statute").

Additionally, in compliance with 17 U.S.C. § 508, Plaintiff submitted the Report on the Filing of an Action (the "Report") [9]. In the Report, Plaintiff included five separate copyright registrations that may be at issue in this Action, thus evidencing that Plaintiff has in fact registered at least some of the

Subject Photographs with the Copyright Office.[2]

      b. *Copying*

Copying may be established by demonstrating (1) "that the [defendant] had access to plaintiff's copyrighted work" and (2) "that the works at issue are substantially similar in their protected elements." Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted). Proof of access requires a plaintiff to show only "that the defendant had an opportunity to view or to copy plaintiff's work." Sid & Marty Krofft TV Prods. v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977). "Access must be more than a bare possibility and may not be inferred through speculation or conjecture." Gaste v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir. 1988).

Defendant does not discuss the access element of Plaintiff's copyright claim in its Motion. In his Complaint, Plaintiff alleges that the Subject Photographs were available online generally as well as on Plaintiff's website. See Compl. ¶ 15. Further, Exhibit A to the Complaint reflects the uses of and addresses (URLs) at which Defendant published the

---

[2] The Court "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Report is a filing in this Action, and the Court takes judicial notice of such filing. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (internal citation omitted)).

6

Subject Photographs without authorization. Id., Ex. A. Such allegations show a reasonable possibility that Defendant had access to Plaintiff's Subject Photographs and therefore are sufficient to survive a motion to dismiss. See Shame on You Prods. v. Banks, 120 F. Supp. 3d 1123, 1149 (C.D. Cal. 2015) ("To satisfy its burden of pleading access, plaintiff must allege facts 'from which a reasonable finder of fact could infer that the defendant had a reasonable opportunity to copy his or her work.'" (quoting Grubb v. KMS Patriots, L.P., 88 F.3d 1, 3 (1st Cir. 1996))).

Additionally, Defendant does not argue that the works (the Subject Photographs and the Subject Posts) are not substantially similar. In his Complaint, Plaintiff alleges that Defendant identically copied the Subject Photographs without Plaintiff's authorization or consent. Compl. ¶¶ 15-18. Plaintiff specifically points to the "identical nature of the copying," id. ¶ 15, and submits Exhibit A to evidence this identical nature, id., Ex. A. Therefore, Plaintiff has properly alleged substantial similarity.

   c. *Plaintiff's Allegations Are Sufficient to Meet Pleading Standards*

Defendant asserts that Plaintiff's Complaint does not meet Supreme Court and Ninth Circuit pleading standards because the allegations are based on information and belief. The pleading standard "does not prevent a plaintiff from pleading facts alleged

upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." Park v. Thompson, 851 F.3d 910, 928 (9th Cir. 2017) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)).

In his Complaint, Plaintiff alleges, on information and belief, that Defendant infringed upon Plaintiff's exclusive right by copying the Subject Photographs. Compl. ¶ 18. Plaintiff supports this theory by alleging, on information and belief, that Defendant had access to the Subject Photographs via the internet. Compl. ¶ 15. Defendant argues that these allegations are conclusory and do not meet the Iqbal and Twombly "plausibility" standard or Ninth Circuit pleading standards. However, Plaintiff's allegations are also supported by facts, specifically the side-by-side comparison of the works contained in Exhibit A to the Complaint. Therefore, Defendant's argument that Plaintiff's allegations offered on information and belief are insufficient does not support dismissal.

Further, Defendant argues that Plaintiff has failed to state facts to show any acts of infringement by Defendant in particular. Plaintiff need not allege infringing conduct by Defendant in particular for the Complaint to survive a 12(b)(6) motion, especially when Defendant is the only named Defendant—the remaining

defendants are fictitious Doe defendants.  The
Complaint puts Defendant on notice of the three causes
of action asserted against it and the grounds upon
which they rest.  No more is required of Plaintiff.
See Twombly, 550 U.S. at 555.

    Because Plaintiff has sufficiently pleaded his
copyright infringement claim, the Court **DENIES**
Defendant's Motion on this claim.

    2.   Vicarious and/or Contributory Copyright
Infringement

    Defendant argues that Plaintiff's second cause of
action should be dismissed for failure to establish
ownership under 17 U.S.C. § 411(a) and for Plaintiff's
improper use of conclusory allegations.  For the
reasons set forth above, these two arguments fail to
support Defendant's Motion on this particular claim.

    Defendant also seeks dismissal of this claim on the
basis that Plaintiff failed to identify direct
infringement by some third party, as required for
claims of contributory/vicarious copyright
infringement.  "Secondary liability for copyright
infringement does not exist in the absence of direct
infringement by a third party."  A&M Records v.
Napster, Inc., 239 F.3d 1004, 1013 n.2 (9th Cir. 2000).
Plaintiff therefore must identify some third party
before alleging that Defendant is liable for vicarious
and/or contributory infringement.

    Here, Plaintiff does not plead sufficient facts to

9

indicate that direct infringement by a third party occurred. In fact, there is not a single third party identified in the Complaint. Without establishing this preliminary requirement for a claim of contributory/vicarious copyright infringement, Plaintiff's claim inherently fails. See <u>Viesti Assocs. v. Pearson Educ., Inc.</u>, Civil Action No. 12-cv-02240-PAB-DW, 2013 U.S. Dist. LEXIS 113323, at *23-24 (D. Colo. Aug. 12, 2013) ("Given that no third parties are identified in the complaint, [the plaintiff]'s claim that [the defendant] had the right to control these unidentified third parties is speculative and conclusory."). Accordingly, the Court **GRANTS** Defendant's Motion on Plaintiff's contributory/vicarious copyright infringement claim.

    3. <u>Claim Under the DMCA</u>

Defendant seeks dismissal of Plaintiff's claim under the DMCA for Plaintiff's failure to satisfy the requirements under 17 U.S.C. § 411(a) and because Plaintiff's allegations are based upon information and belief. For the same reasons set forth above, these two arguments fail to support Defendant's Motion on this claim.

Further, Defendant seeks dismissal of this cause of action because "Plaintiff has failed to sufficiently allege the existence or nature of any [copyright management information ("CMI")] within the definition of 17 U.S.C. § 1202(c)." Def.'s Mot. to Dismiss

("Mot.") 12:3-4, ECF No. 10. CMI, as defined by the DMCA, refers to various types of "information conveyed in connection with copies . . . of a work," including the title of and other information identifying the work, the name of and other identifying information about the author of the work, and the name of and other identifying information about the copyright owner of the work. See Friedman v. Live Nation Merch., Inc., 833 F.3d 1180, 1187 n.3 (9th Cir. 2016) (quoting 17 U.S.C. § 1202(c)).

Here, Exhibit A to the Complaint shows that the Subject Photographs contain a watermark. See Compl. ¶ 31, Ex. A. This information acts to identify Plaintiff and his brand as the author and owner of the Subject Photographs. Visible CMI, such as a watermark, qualify as CMI pursuant to the DMCA. See Pac. Studios, Inc. v. W. Coast Backing, Inc., CV 12-692-MWF (JCGx), 2012 U.S. Dist. LEXIS 196279, at *4 (C.D. Cal. Oct. 11, 2012) (finding that "an alphanumerical designation" on the border of an image for purposes of identification qualifies as protectable CMI). Therefore, the watermarks on the Subject Photographs are sufficient to establish the nature and existence of Plaintiff's CMI.

Defendant additionally argues that Plaintiff failed to plead *how* Defendant violated the DMCA. Plaintiff specifically alleges that Defendant intentionally removed the CMI from the Subject Photographs. Compl. ¶ 30. Further, Exhibit A suggests that the photographs

11

in the Subject Posts may be exact copies of the Subject Photographs, giving rise to a compelling inference that Defendant directly copied the Subject Photographs. Because the only difference in the Subject Posts and the Subject Photographs is that the CMI is missing, it is plausible that Defendant removed the CMI in the Subject Posts. See Friedman, 833 F.3d at 1188.

Plaintiff did not give consent to or authorize Defendant to use the Subject Photographs or remove their CMI. Compl. ¶¶ 18, 30-31. Accordingly, the Court **DENIES** Defendant's Motion on Plaintiff's DMCA claim.

### 4. Plaintiff's Prayer for Statutory Damages and Attorneys' Fees

Defendant seeks to dismiss Plaintiff's prayer for statutory damages and attorneys' fees under § 501 for failure to identify (1) the date the alleged infringement commenced, (2) the date the copyrights were allegedly registered, and (3) the date of first publication of the works as required by § 412. Mot. 13:17-28, 14:1. "Registration prior to infringement or, if the work is published, within three months of publication, is necessary for an owner to obtain statutory damages and attorneys' fees." Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co., 747 F.3d 673, 678 (9th Cir. 2014) (citing 17 U.S.C. § 412).

Plaintiff argues that Defendant's challenge to the statutory damages request is premature. However, "[a]

decision on the availability of statutory remedies is not premature because the plaintiff[']s pleadings contain a request for an award of statutory damages as well as attorney's fees." Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals, 08 CIV. 6195 (PKC), 2009 U.S. Dist. LEXIS 96951, at *10 (S.D.N.Y. Oct. 9, 2009); see Martin v. Walt Disney Internet Grp., No. 09CV1601-MMA (POR), 2010 U.S. Dist. LEXIS 65036, at *8 (S.D. Cal. June 30, 2010) ("As a preliminary matter, the Court has the authority to decide whether Plaintiff has stated a claim for statutory damages and attorney's fees on a motion to dismiss.").

Plaintiff does not include any information about the date of registration of his copyrights or the date of alleged infringement. While Plaintiff argues that the dates of infringement are within the control of Defendant, this is not the case. The alleged infringement has occurred on a "single, publicly accessible website." Wright v. Buzzfeed, Inc., No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641, at *8 (C.D. Cal. June 4, 2018) (finding "no indication that knowledge regarding infringement is 'particularly within Buzzfeed's possession and control'" when all infringement occurred on one website). Further, the URLs that are included with every photograph in Exhibit A contain a date, which is likely the date of the post. See Compl., Ex. A. Consequently, Plaintiff is able to

13

plead the dates of infringement for each photograph. Ultimately, by not including any of these dates, Plaintiff has failed to properly plead facts sufficient for a prayer of statutory damages. See Lickerish, Inc. v. Alpha Media Grp., No. CV1300377DMGSSX, 2014 WL 12589641, at *6 (C.D. Cal. Jan. 2, 2014).

For these reasons, the Court **GRANTS** Defendant's Motion as to Plaintiff's prayer for statutory damages and attorneys' fees.

5. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served. After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Id. Leave to amend lies "within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires.'" Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Here, Plaintiff has not previously amended his Complaint. Plaintiff may be able to specifically plead

a third party for which Defendant could be liable for contributory/vicarious copyright infringement. Further, Plaintiff has the information to plead the dates of copyright registration and alleged infringement needed to recover statutory damages and attorneys' fees.  Therefore, leave to amend would not be futile.  Accordingly, the Court **GRANTS LEAVE TO AMEND** with regard to Plaintiff's contributory/ vicarious copyright infringement claim and prayer for statutory damages and attorneys' fees.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** Defendant's Motion as to Plaintiff's contributory/ vicarious copyright infringement claim and prayer for statutory damages and attorneys' fees **WITH LEAVE TO AMEND** and **DENIES in part** as to Plaintiff's copyright infringement and DMCA claims.  Plaintiff has twenty-one days from the issuance of this Order to amend his Complaint.

**IT IS SO ORDERED.**

DATED: July 11, 2018          <u>s/ RONALD S.W. LEW</u>
                                       **HONORABLE RONALD S.W. LEW**
                                       Senior U.S. District Judge