# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHIVE MEDIA GROUP, LLC, a Texas Limited Liability Company; and DOES 1-10, inclusive<br><br>　　　　Defendant. | CV 18-01612-RSWL-KS<br><br>**ORDER re: Defendant's Motion to Dismiss** [18] |

Currently before the Court is Defendant Chive Media Group, LLC's ("Defendant") Motion to Dismiss [18] ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion **WITHOUT LEAVE TO AMEND.**

**I. BACKGROUND**

**A. Factual Background**

Plaintiff Elliot McGucken ("Plaintiff") is an individual who allegedly created and owns numerous original photographs (the "Subject Photographs"). First Am. Compl. ("FAC") ¶ 8, ECF No. 17. Plaintiff has allegedly registered or applied to register the Subject Photographs with the U.S. Copyright Office, and complied with all necessary formalities of registration. Id. ¶ 9, 12. Plaintiff alleges that Defendant Chive Media Group, LLC ("Defendant") published and hosted posts (the "Subject Posts") on its websites and networks that incorporated unauthorized copies of the Subject Photographs.[1] Id. ¶ 10.

Plaintiff alleges that Defendant had access to the Subject Photographs through Plaintiff's website, online generally, and through a third party. Id. ¶ 18. Plaintiff also alleges that Defendant copied images of the Subject Photographs and altered the Subject Photographs to remove Plaintiff's watermark. Id. ¶ 13. Plaintiff alleged at least one such unauthorized publication (Subject Photograph No. 44) occurred on June 11, 2018. Id. ¶ 12. Plaintiff registered the copyright for Subject Photograph No. 44 on February 20, 2018. Id. Many of the Subject Photographs (including

---

[1] Plaintiff attached to the FAC representations of the Subject Photographs and the corresponding unauthorized use of those photographs from the Subject Posts. FAC. ¶ 11; Ex. A-B, ECF No. 17 1-4.

2

many of the photographs identified in the initial Complaint) remain active and on Defendant's website and/or networks.[2] Id. ¶ 16.

**B.   Procedural Background**

On February 27, 2018, Plaintiff filed his Complaint [1] alleging copyright infringement, vicarious and/or contributory infringement, and violations of the Digital Millennium Copyright Act ("DMCA").  Defendant filed a Motion to Dismiss [10] on May 8, 2018, which the Court: (1) granted in part with leave to amend as to Plaintiff's contributory/vicarious copyright infringement claim and prayer for statutory damages and attorneys' fees; and (2) denied in part as to Plaintiff's copyright infringement and DMCA claims. Plaintiff filed his First Amended Complaint [17] on July 31, 2018 alleging copyright infringement and violations of the DMCA.[3]

On August 14, 2018, Defendant filed the current Motion to Dismiss [18], arguing that Plaintiff did not sufficiently plead facts to entitle Plaintiff to

---

[2] The Subject Photographs still on Defendant's website and/or networks include the images numbered 7, 9-12, 14, 28-29, 44, 53, 55-56, 59, 67, 71, 79, 81, and 83, as identified in Exhibit A, and the images numbered 1-7, as identified in Exhibit B.  FAC  ¶ 16

[3] The Court stated in its prior Order that Plaintiff has sufficiently pleaded facts to support his claims for copyright infringement and violation of the DMCA. Order re Mot. to Dismiss ("Order") 9:6-8, 12:10-12, ECF No. 16.  In the FAC, Plaintiff dropped his claim for contributory/vicarious copyright infringement, and amended his prayer for statutory damages and attorneys' fees.

3

statutory damages and attorneys' fees. Plaintiff timely opposed [20], and Defendant timely replied [21].

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184

(2005) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Balistreri</u>, 901 F.2d at 699 (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

**B.   Discussion**

"Registration prior to infringement or, if the work is published, within three months of publication, is necessary for an owner to obtain statutory damages and attorneys' fees." <u>Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.</u>, 747 F.3d 673, 678 (9th Cir. 2014) (citing 17 U.S.C. § 412). Section 412 requires the identification of three events as a prerequisite to statutory damages and attorneys' fees: the date infringement commenced, the date of registration, and the date of first publication. <u>Lickerish, Inc. v. Alpha Media Grp.</u>, No. CV1300377DMGSSX, 2014 WL 12589641, at *5 (C.D. Cal. Jan. 2, 2014)(citation omitted).

Here, Defendant again seeks to dismiss Plaintiff's prayer for statutory damages and attorneys' fees under

17 U.S.C. § 412 for failure to cure the deficiencies identified in this Court's prior Order [16], namely that Plaintiff did not identify: (1) the date the alleged infringement commenced, (2) the date the copyrights were allegedly registered, and (3) the date of first publication of the works. Order re Motion to Dismiss ("Order") 14:2-9, ECF No. 16. Defendant argues that Plaintiff again failed to include the required dates in his FAC. Defendant points out that Plaintiff alleged a single date of copyright registration, February 20, 2018, and one post-registration infringement date of June 11, 2018, for only one of the 94 Subject Photographs. Def.'s Mot. 4:17-23, ECF No. 18.

Plaintiff argues that Defendant's motion is premature at this stage because, absent discovery and factual development, Plaintiff cannot determine the facts that surround the June 11, 2018 infringement or any other potentially separate infringements. Opp'n at 7:10-21. However, this Court already decided that dismissal at this stage is not premature.[4] Plaintiff

---

[4] "Plaintiff argues that Defendant's challenge to the statutory damages request is premature. However, '[a] decision on the availability of statutory remedies is not premature because the plaintiff[']s pleadings contain a request for an award of statutory damages as well as attorney's fees.' Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals, 08 CIV. 6195 (PKC), 2009 U.S. Dist. LEXIS 96951, at *10 (S.D.N.Y. Oct. 9, 2009); see Martin v. Walt Disney Internet Grp., No. 09CV1601-MMA (POR), 2010 U.S. Dist. LEXIS 65036, at *8 (S.D. Cal. June 30, 2010) ('As a preliminary matter,

also argues he is not responsible for showing facts that are within the Defendant's control, but this Court also rejected this argument finding that because the alleged infringement has occurred on a "single, publicly accessible website," the facts are available to Plaintiff. See Order at 13:14-25 (citing Wright v. Buzzfeed, Inc., No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641, at *8 (C.D. Cal. June 4, 2018)(finding "no indication that knowledge regarding infringement is 'particularly within Buzzfeed's possession and control'" when all infringement occurred on one website)).

Finally, Plaintiff argues that because Defendant's post-registration infringement on June 11, 2018 occurred after this litigation began, there may be discoverable independent acts of infringement not expressly alleged in the FAC, rendering dismissal premature. Pl.'s Opp'n 8:10-15, ECF No. 20. However, the alleged post-registration infringement concerns publication of the same photograph previously published on the same website, and is not an independent act of infringement.[5] See FAC ¶ 12; id. Ex. A. Thus, it is

---

the Court has the authority to decide whether Plaintiff has stated a claim for statutory damages and attorney's fees on a motion to dismiss.')." Order, 12:27-13:13, ECF No. 16.

[5] Plaintiff relies on Crytek GMBH v. Cloud Imperium Games Corp., No. CVC 17-8937-DMG (FFMx) (C.D. Cal. Aug. 14, 2018), and its cite to Guillot-Vogt Assocs., Inc. v. Holly & Smith, 848 F. Supp. 682 (E.D. La. 1994) to make this argument. However

7

not premature to decide whether recovery of statutory damages and attorneys' fees is precluded at the motion to dismiss stage. See Marderosian v. Warner Bros. Entm't, No. 2:17-cv-01062-CAS (GJSx), 2017 U.S. Dist. LEXIS 66173 (C.D. Cal. May 1, 2017)(granting motion dismiss claims for statutory damages/attorneys' fees); Lickerish, 2014 WL 12589641 at * 5 (same).

### 1. 93 of 94 Subject Photographs

Defendant argues that Plaintiff did not plead any facts in his FAC regarding the date infringement commenced, the date of registration, or the date of first publication, as to 93 of the 94[6] Subject Photographs alleged. Mot. at 5:12-17. Despite instruction by this Court's prior Order to plead information about the three required dates, Plaintiff only pleads one date of registration for Subject Photograph No. 44. FAC ¶ 12; id. Ex. A. This is insufficient, especially in light of this Court's note that knowledge of such dates is likely within Plaintiff's possession because the URLs of each photograph in the Exhibits attached to the Complaint include the dates of the post. Order at 13:26-28. By not including any dates, Plaintiff has again failed to

---

Guillot-Vogt is inapplicable and unpersuasive because there, the post-registration acts related to the distinct rights to distribute and prepare derivative works, while the pre-registration act involved copying. 848 F. Supp. at 690-91.

[6] Plaintiff adds seven new photographs in his FAC, totaling 94 Subject Photographs. See FAC ¶16; id. Ex. B, ECF No. 17-4.

8

properly plead facts sufficient for a prayer of statutory damages and attorneys' fees. See Lickerish, 2014 WL 12589641, at *5-6 (C.D. Cal. Jan. 2, 2014)(granting motion to dismiss for plaintiff's failure to plead the dates of first infringement). Thus, the Court **GRANTS** Defendant's Motion to Dismiss as to 93 of the 94 Subject Photographs.

2. Subject Photograph No. 44

The one registration date Plaintiff identifies in the FAC pertains to Subject Photograph No. 44. FAC ¶ 12. Plaintiff alleges he registered the copyright for Subject Photograph No. 44 on February 20, 2018, and that Defendant infringed the copyright by posting the photograph on June 11, 2018. Id. Although Plaintiff adds the registration and infringement dates, Plaintiff fails to plead the third required event, the date of first publication. As discussed above with regard to the remaining 93 photographs, Plaintiff's claim for statutory damages and attorneys' fees as to Subject Photograph No. 44 is insufficient for this reason alone.

Moreover, a review of the URLs reveals that multiple alleged acts of infringement of Subject Photograph No. 44 occurred prior to Plaintiff's registration. The URLs below the image include four dates: (1) September 20, 2012, (2) December 9, 2013, (3) December 12, 2013, and (4) June 11, 2018. See FAC, Ex. A - Part 2, ECF No. 17-2. The two fundamental

purposes of § 412 are: "by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly" and "encourage[] potential infringers to check the Copyright Office's database." <u>Derek Andrew, Inc. v. Poof Apparel Corp.</u>, 528 F.3d 696, 700 (9th Cir. 2008). Because Plaintiff registered his copyright on February 20, 2018, Plaintiff cannot recover statutory damages and attorneys' fees for publications occurring five years prior to registering his copyright. <u>See</u> <u>id.</u> at 699 ("Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement . . . .").

The issue is then whether Plaintiff can recover under § 412 for the allegedly infringing post that occurred on June 11, 2018. The Ninth Circuit has held that "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." <u>Derek Andrew, Inc.</u>, 528 F.3d at 701; <u>See</u> <u>Mason v. Montgomery Data, Inc.</u>, 967 F.2d 135, 143 (5th Cir. 1992)(section 412 requires that "statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of

10

those infringements commenced prior to registration").

Defendant puts forth this "continuing infringement" argument, that although the June 11, 2018 infringement occurred post-registration, it is part of a series of one continuing infringement that began prior to registration. Plaintiff argues that the June 11, 2018 post is a separate and different kind of infringement. Plaintiff alleges that as of July 16, 2018, Subject Photograph No. 44 remains active and on display on Defendant's website. FAC ¶ 16. Plaintiff attaches Subject Photograph No. 44 to the FAC, along with the associated URLs to where Defendant allegedly posted the photograph. See FAC, Ex. A - Part 2 at 41. Upon review of the URLs, active links dating back to at least 2013 are listed as displaying Subject Photograph No. 44. Id. Each URL is to the same website, thechive.com. Id. Thus, Defendant's post on June 11, 2018 is not "separate and distinct" because Defendant posted the same photograph on the same website prior to the registration date, that has remained active since as early as 2013. See Derek Andrew, Inc., 528 F.3d at 700-01 (finding no legally significant difference of the pre- and post-registration infringement of a hang tag, because although the infringing hang tag was used on different garments, the hang tag itself was the same); Segura v. SOFA Entm't, Inc., No. 3:16-cv-0938-AC, 2017 U.S. Dist. LEXIS 80101, at

*11-812 (D. Or. May 24, 2017)("When the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements.")(citation omitted).

Plaintiff argues that there was a gap of four years and five months between Defendant's last post of Subject Photograph No. 44, and the June 11, 2018 post, and as a result, the infringement cannot be continuous. While "infringement is not continuous if infringement ceased for an appreciable duration of time," whether the cessation is material "depends on the facts of the case and the relevant case law." Segura, 2017 U.S. Dist. LEXIS 80101, at *7-8. Plaintiff has cited no authority that four years and five months renders the infringement not continuous. Indeed, "courts have not defined [what] the [] minimum length of time necessary to constitute cessation of infringement between pre- and post-copyright registration, such that the post-registration infringement is not a continuation of the pre-registration infringement." Id. at *10.[7]

---

[7] The Court is aware of only one case in this district allowing § 412 remedies because of some cessation of infringement, Rosen v. Netfronts, Inc., No. CV 12-658 CAS FFMX, 2013 WL 3467205, at *3 (C.D. Cal. July 9, 2013). However, in Rosen the Defendant ceased displaying allegedly infringing photographs from 2005-2010 while the defendant's entire website was shut down. 2013 WL 3467205 at *9. Here, while Defendant did not post Subject Photograph No. 44 for nearly five years, unlike

Here, Defendant's alleged infringement is continuous. Defendant's infringement of Subject Photograph No. 44 began in 2012, well before Plaintiff registered his copyright in 2018. And as discussed above, Defendant's infringement was of the same kind because it was the same photograph posted on the same website.

In sum, Plaintiff's prayer for statutory damages and attorneys' fees as to Subject Photograph No. 44 fails for three reasons: (1) Plaintiff failed to allege the date of first publication, despite being on notice from this Court's prior Order;(2) many of the infringement dates occurred prior to registration; and (3) the one date that occurred post-registration constitutes continuing infringement. Consequently, Plaintiff is precluded from statutory damages and attorneys' fees and the Court **GRANTS** Defendant's Motion to Dismiss as to Subject Photograph No. 44.

3. <u>Leave to Amend</u>

Defendant filed a Motion to Dismiss Plaintiff's initial Complaint, which the Court granted with leave to amend. Despite the Court's prior Order, Plaintiff failed to plead the dates of registration for all but one of the Subject Photographs, and even for that Subject Photograph, Plaintiff failed to plead the date

---

the defendant in <u>Rosen</u>, Plaintiff did not allege Defendant ever shut down its website or ceased displaying the subject photos.

13

of first publication. Because the Court's prior Order put Plaintiff on notice of the potential pleading defects regarding statutory damages and attorneys' fees, and in light of the fact that Plaintiff still fails to remedy the defects, the Court **DENIES** leave to amend. See <u>Lickerish</u>, 2014 WL 12589641 at *8 n. 10 (denying leave to amend for failure to remedy section § 412 defects plaintiff was on notice of from a prior order); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting a district court's discretion to deny leave to amend is particularly broad where it has afforded the plaintiff one or more opportunities to amend).

### III. CONCLUSION

Based on the foregoing, the Court **GRANT**S Defendant's Motion to Dismiss Plaintiff's prayer for statutory damages and attorneys' fees **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: November 8, 2018    <u>s/ RONALD S.W. LEW</u>
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge